IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00644-RBJ
_____

ANTONIO SALDANA,

      Plaintiff

v.

LAMAR HOUSING AUTHORITY, and

KIM FOURNIER in her official capacity as Executive Director of the

LAMAR HOUSING AUTHORITY,

      Defendants
_____

# FIRST AMENDED COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF WITH DEMAND FOR JURY TRIAL

## I. INTRODUCTION

This is an action to enforce Title VIII of the Civil Rights Act of 1968 ( the Federal Fair Housing Act) as amended in 1988 (effective March 12,1989) by the Fair Housing Amendments Act , which, among other things, expanded the coverage of the Fair Housing Act to prohibit discrimination

against people with disabilities. The defendants discriminated against plaintiff by refusing to make reasonable accommodations for his mental health disability by denying his request to postpone his eviction from public housing until after plaintiff received the aid and counsel of his mental health provider in a conference with the Housing Authority over the threatened eviction.

## II. JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 because the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of related facts. The state law claims are related to the federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in the District of Colorado pursuant to 28 U.S. C. § 1391 (b) (2) in that the unlawful conduct that gave rise to the claims occurred within the District of Colorado.

## III.  PARTIES

3.      Plaintiff ANTONIO SALDANA is a 72 year old person with a

disability. He suffers from a psychotic disorder and requires treatment with Olanzapine. His medical condition affects his ability to concentrate, think clearly and make major life decisions.

4.      Until his eviction by Defendants plaintiff resided at the Strainhurst Courts, Unit K-4 located at 206 Cedar Street, Lamar, CO 81052.

5.      Defendant LAMAR HOUSING AUTHORITY owns and operates public housing units in Lamar, Prowers County, Colorado and was plaintiff's landlord.

6.      Defendant KIM FOURNIER is sued in her official capacity only and at all times relevant hereto served as the Executive Director of the Lamar Housing Authority.

## IV. FACTS

7.      Plaintiff Antonio Saldana at the time his causes of action accrued was  a 71 year old disabled person and had a written lease with defendant Lamar Housing Authority for an apartment at Stainhurst Courts located at 206 East Cedar Street, Lamar, CO 81052.

8.      Saldana initially resided in Apartment D-3 but because of plumbing problems defendants moved plaintiff to Unit K-4 in May or June of 2012.

9.      In early  2013 the next door neighbor of Mr. Saldana detected what she thought were ticks coming into her residence and complained to defendants.

10.    Representatives of the Housing Authority investigated the complaint and concluded that the bugs were bedbugs and scheduled the apartments for spraying by an exterminator.

11.    The exterminator first sprayed the neighbor's apartment and then Saldana's apartment. After the exterminator sprayed Saldana's apartment and reported back to the Housing Authority about the extent of the bedbug infestation. With plaintiff's cooperation, the Defendant Housing Authority went into Saldana's apartment and put plaintiff's clothing and bedding materials into heavy plastic bags for cleaning and removed some of Saldana's personal papers, his bed and mattress for destruction.

12.    Later the Housing Authority, with  Saldana's cooperation, had the apartment sprayed again. But after Saldana's bed was removed from the apartment, Saldana  slept on the floor for a week.  Upon learning that Saldana was sleeping on the bare floor, Defendant Fournier provided an air mattress. Saldana placed his bedding materials on the air mattress  to sleep resulting in the spread of bedbugs again.

13.    Defendant Fournier then unilaterally decided  to move Saldana out of Unit K-4 into the adjacent apartment. But when defendant Fournier told Saldana he would have to move and leave everything behind including his shoes, Saldana resisted and would not allow defendant Fournier to enter the

apartment again.

14.    Despite Saldana's history of compliance with defendants' efforts to rid the apartment of bed bugs and despite defendants' knowledge that Saldana suffered from serious mental health conditions such that  he lacked the mental capacity to understand the depth of the problem; defendants on April 3, 2013 through defendants' apartment manager Peggy Garrison served a Notice to Vacate terminating the lease requiring Saldana to vacate the premises by 5 p. m. April 5, 2013.

15.     Defendants  had agreed at Paragraph 23 e of the lease to comply with state law in terminating the lease.

16.    Defendants on April 9, 2013 less than ten days after serving the Notice to Vacate filed an eviction action against Saldana.

17.    The eviction hearing was scheduled for Friday, April 19, 2013. Saldana contacted Colorado Legal Services for legal representation.

18.     Saldana on April 16, 2013  requested  the Lamar Housing Authority to make accommodations for his mental health disability by postponing the eviction and holding a conference in which he with the assistance of a mental health counselor could attempt to resolve the concerns of the Housing Authority and avoid the forcible eviction.

19.    Defendants refused the requests for accommodation but met informally

with Sandana and his counsel on April 18, 2013. At the conference Saldana again requested the assistance of his mental health counselor and that the eviction be postponed. Defendants denied the requests.

20.   On April 19, the County Court, at Saldana's request, continued the eviction hearing until April 22, 2013 to allow time for the appointment of a guardian ad litem. The County Court at the conclusion of the hearing on April 22, 2013 granted the Housing Authority's eviction action.

21.   As a result of Defendants' unlawful acts and practices, Saldana has suffered mental anguish and emotional distress, out of pocket expenses in relocating and aggravation of his mental health conditions as well as violation of his civil rights. Accordingly, Saldana is entitled to compensatory damages.

22.   Saldana seeks declaratory and injunctive relief from the unlawful acts and practices. Unless enjoined Defendants will continue to engage in the unlawful acts and practices described above. Plaintiff has no adequate remedy at law. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' acts and their discrimination against disabled persons unless relief is provided by this Court. Accordingly, plaintiff is entitled to injunctive relief.

## V. CLAIMS

First Claim:*Violation of the Federal Fair Housing Amendments Act*

23.   Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 22 above.

24.   Plaintiff Defendants injured plaintiff in violation of the Fair Housing Amendments Act by:

A. Discriminating or otherwise making unavailable a dwelling because of handicap, in violation of 42 United States Code § 3604 (f)(2);

B. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunities to use and enjoy a dwelling in violation of 42 United States Code § 3604 (f)(3)(B).

25.   As a proximate cause of Defendants' conduct, plaintiff has been damaged as set forth above and continues to suffer damages as alleged herein.

Second Claim:*Violation of Section 504 of the Rehabilitation Act of 1973*

26.   Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 25 above.

27.   In doing the things herein alleged defendants have failed or refused to make  reasonable accommodations for plaintiff's disability depriving plaintiff of an equal opportunity to use and enjoy a public housing dwelling unit as required by Section 504 of the Rehabilitation Act of 1973 in violation of 29 United States Code § 701 *et seq.*

Third Claim:*Violation of the Americans with Disabilities Act of 1990*

28.    Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 25 above.

29.    The conduct of defendants alleged herein constitutes discrimination prohibited by Title II of the Americans with Disabilities Act of 1990 in violation of 42 United States Code § 12132.

Fourth Claim:*Violation of the Colorado Fair Housing Act*

30.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25 above.

*31.*    The defendants have violated the plaintiff's right to fair housing under the Colorado Fair Housing Act by refusing to make reasonable accommodations in the rules, policies, practices when such modifications may be necessary to afford plaintiff equal opportunity to use and enjoy a dwelling unit in violation of C.R.S. § 24-34-502.2.

*32.*    Plaintiff has timely exhausted all administrative remedies under the Colorado Fair Housing Act and elected to bring this action in civil court.

Fifth Claim: *Violation of the Civil Rights Act of 1871*

33.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 above.

34.    Defendants at all times relevant hereto were persons acting under color

of state law to deprive plaintiff of due process and/or equal protection in violation of the Fourteenth Amendment to the United States Constitution and thereby violated the provisions of 42 United States Code § 1983.

Sixth Claim: *Breaches of the Lease Agreement*

35.    Defendants' failure to provide notice of termination as required under state law constitutes a breach of the lease.

36.    Defendants' failure or refusal to accord Saldana the ten day opportunity to discuss the termination of tenancy prior to termination  constitutes a breach of the lease and the Housing Authority's agreement with HUD.

## VI. RELIEF

WHEREFORE, Plaintiff prays for the following relief:

37.    That the Court assume ancillary jurisdiction over all state law claims, pursuant to 28 United States Code § 1367;

38.    That the Court enjoin all unlawful practices complained about herein and impose affirmative injunctive relief requiring Defendants , their agents, their employees, their assignees, and all  persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants regardless of disability, including providing training regarding fair housing laws for all employees and agents, and to enjoin Defendants from refusing to grant reasonable accommodations to

disabled tenants;

39.    To declare that Defendants have violated provisions of applicable federal and state laws;

40.    That the Court award compensatory damages to Plaintiff according to proof;

41.    That the Court grant costs of suit, including  reasonable attorney fees; and

42.     That the Court grant such other relief as the Court deems just.

Dated: May 29, 2014

> s/ Larry R. Daves
> Larry R. Daves
> Attorney at Law
> 116 S. Walnut St.
> Trinidad,  81082
> Telephone: (710) 859-0979
> FAX: (719)-846-2234
> E-Mail: larrydaveslaw@gmail.com
> Attorney for Plaintiff Antonio Saldana

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2014, I electronically filed the foregoing  PLAINTIFF'S  FIRST  AMENDED  COMPLAINT  FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF AND JURY DEMAND with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:
Peter H. Doherty, Meredith L. McDonald, OVERTURF McGATH HULL& DOHERTY, P.C., 625 E. 16th Ave,  Ste. 100,Denver, Colorado 80203 at phd@omhdlaw.com and mlm@omhdlaw.com .

> s/Larry R. Daves

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 (b), Plaintiff hereby requests a trial by jury as to each and every claim for which he is so entitled.

Dated May 29, 2014

s/Larry R. Daves
Larry R. Daves
Attorney for Plaintiff
